UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOSEPH MARION RYWELSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23-CV-217-CVE-SH |
| | ) | |
| JOSEPH R. BIDEN, JR. President, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

On May 25, 2023, plaintiff Joseph Marion Rywelski filed this case challenging a new rule adopted by the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) concerning the definition of a "rifle" under federal law. The new rule was published in the Federal Register on January 31, 2023, and it concerns the circumstances under which a stabilizing brace converts a "firearm" into a "rifle" under the National Firearms Act of 1934 (NFA) and the Gun Control Act of 1968 (GCA). Factoring Criteria for Firearms with Attached "Stabilizing Braces," 88 Fed. Reg. 6487-01 (January 31, 2023) (to be codified at 27 CFR Parts 478 and 479). Plaintiff does not challenge the new rule under the Administrative Procedures Act, the United States Constitution, or any federal law or statute. Instead, plaintiff argues that the Declaration of Independence recognizes an absolute right to overthrow or replace the government, and he believes that he must be permitted to possess weapons that are equal to or more powerful than those possessed by the federal government to enforce his right to overthrow the government. Dkt. # 1, at 8-11.

Plaintiff states that he is a citizen of the United States who resides in Oklahoma, and he has named President Joseph R. Biden, Jr., United States Attorney General Merrick Garland, the Department of Justice, and the ATF as defendants. Id. at 1-2. Plaintiff claims that he purchased a

"pistol brace" before the new rule went into effect, and he must now comply with the registration requirements of the rule or potentially face a federal firearms charge. Id. at 4-6. Plaintiff acknowledges that the Second Amendment of the United States Constitution provides a right to bear arms, but he is not raising a Second Amendment challenge to the new rule. Id. at 8. Instead, plaintiff argues that his right to possess weapons is guaranteed by the Declaration of Independence, and that this is a source of "organic" or natural law that cannot be amended or limited by the United States Constitution or the laws of any government. Id. at 8-9. Although plaintiff's argument is often difficult to follow, it appears that he is arguing that the Declaration of Independence guarantees all citizens the unassailable right to overthrow their government, and this necessarily includes a right to be "armed in equal to, or greater-than, parity with Plaintiff's government." Id. at 8. Plaintiff seeks a permanent nationwide injunction prohibiting the new rule concerning "stabilizing braces" from being enforced, and he asks the Court to enter a declaratory judgment stating that the federal government shall not hinder plaintiff in the exercise of his "duty" to overthrow the government should he deem it necessary to do so. Id. at 23.

The Court addresses plaintiff's complaint sua sponte because "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" See 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 501 (2006)); see also FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado

v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue.

In this case, plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe his pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002). Plaintiff argues that the Court has diversity jurisdiction over this case, although the basis for this is unclear. The law is plainly established that federal agencies and government officials acting in their official capacity are not considered citizens of any state for the purpose of diversity jurisdiction. Texas v. ICC, 258 U.S. 158, 160 (1922); Whittaker v. Court Servs. and Offender Supervision Agency for District of Columbia, 401 F. Supp. 3d 170, 178-79 (D.D.C. 2019). The Court cannot exercise diversity jurisdiction over this case. Plaintiff is proceeding pro se and the Court will also consider whether it would be permissible to exercise federal question jurisdiction over this case. The Court will accept plaintiff's assertion that he is not asserting claims pursuant to the United States Constitution or any other federal or state law, and the Court will consider whether plaintiff is permitted to maintain a federal law claim based solely on the Declaration of Independence. The answer to this inquiry is unequivocally that the Declaration of Independence does not create a private right of action

enforceable against the federal government.  Swepi, LP v. Mora County, New Mexico, 81 F. Supp. 3d 1075, 1172 (D.N.M. 2015) ("The Declaration of Independence is a statement of ideals, not law"); Tompkins v. Hepp, 2008 WL 2002663, *1 (W.D. Wis. May 6, 2008) (claims based on the Declaration of Independence were "legally frivolous"); Coffey v. United States, 939 F. Supp. 185, 190-91 (E.D.N.Y. 1996) ("While the Declaration of Independence states that all men are endowed certain unalienable rights including 'Life, Liberty, and the pursuit of Happiness,' it does not grant rights that may be pursued through the judicial system").  Plaintiff may reference the Declaration of Independence as it pertains to his personal beliefs, but this document does not provide a legal basis for plaintiff to challenge any action of the federal government.  The Court finds no basis to exercise diversity or federal question jurisdiction over this case, and plaintiff's claims should be dismissed for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 1) is **dismissed for lack of subject matter jurisdiction**, and plaintiff's claims are **dismissed without prejudice**.  A separate judgment of dismissal is entered herewith.

**DATED** this 10th day of July, 2023.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE